UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                  CRIMINAL ACTION NO.   3:25-CR-00069-DJH

BAILEY MICHAEL STOUTER                                                         DEFENDANT
a/k/a BAILEY STOUTER

## UNITED STATES' SENTENCING MEMORANDUM
*– Electronically Filed –*

The United States of America, by counsel, files its memorandum in support of sentencing

in this action currently scheduled for March 18, 2026.   Currently, the United States does not

intend to call any witnesses at the hearing.   For the reasons stated below and to be discussed at

the sentencing hearing, the United States recommends that defendant, Bailey Stouter, ("Stouter"

or "Defendant") should be sentenced to a term of imprisonment of 240 months followed by a

lifetime term of supervised release.   The United States requested sentence in this case is

sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §

3553(a).

## BACKGROUND

Stouter is a sexual predator who used social media applications such as Facebook and

Instagram to persuade, induce, entice and coerced Minor Victim 1, who was 14 years old at the

time, to send sexually explicit images and videos of herself to Stouter as well as entice Minor

Victim 1 to engage in sexual activity on more than one occasion. (Final Presentence

Investigation Report ("PSR"), DN 31, at ¶¶ 8-23).

More specifically, on or about April 9 to August 4, 2024, Stouter communicated with Minor Victim 1 over social media where the two devised a plan in which Stouter would travel from Pennsylvania to Kentucky to pick up Minor Victim 1 and bring her back to Pennsylvania so the two could be together.   (*Id.* at ¶18). During the trip back to Pennsylvania, while they were still in Kentucky, Stouter and Minor Victim 1 engaged in sexual activity.   (*Id.* at ¶22).   Once they arrived in Pennsylvania, the two had sexual intercourse on more than one occasion.   (*Id.*).

## CRIMES OF CONVICTION

On April 16, 2025, a federal grand jury in the Western District of Kentucky returned a two-count Indictment against Stouter for one count of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) and one count of online enticement of a minor in violation of 18 U.S.C. § 2422(b).   (*Id.* at ¶¶1-2).   On November 19, 2025, Stouter plead guilty to both counts contained in the Indictment pursuant to a Rule 11(c)(1)(C) plea agreement. (*Id.* at ¶ 4).

## STATUTORY SENTENCING PROVISIONS

The two-count Indictment carries a combined minimum term of imprisonment of 10 years and a combined maximum term of imprisonment of life. (*Id.* at ¶74, *See also* DN 25, Plea Agreement, ¶4). Supervised release must be imposed between 5 years and life.   (*Id.* at ¶ 78, *See also* DN 76, Plea Agreement, ¶4).

### A.    Restitution

Pursuant to 18 U.S.C. § 2259, Stouter must pay restitution, if requested prior to sentencing, of at least $3,000.00 to the victim. (*Id.* at ¶24).    The victim has requested, and Stouter has agreed, to restitution in the amount of $3,000. (*Id.* at ¶¶4(d), 5, and 24, *See also* DN 25, Plea Agreement,

¶9). The United States will separately tender a proposed order of restitution to the Court.

### B.      Forfeiture

There is no forfeiture at issue in this case.

### C.      Special Assessments

Stouter is subject to $100 in mandatory special assessments for each count of conviction for a total of $200. (*Id*. at ¶85, *See also* DN 76, Plea Agreement, ¶10).

## GUIDELINE CALCULATIONS

The United States has no objections to the guidelines or criminal history calculations contained in the Final Presentence Investigation Report. Stouter is an offense level 40 with criminal history category V, which results in a guideline recommended sentencing range of 360 months to life. (*Id*. at ¶75).

## 18 U.S.C. § 3553(a) FACTORS

This Court must ultimately affix a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1)      the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)      the need for the sentence imposed

   (A)      to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)      to afford adequate deterrence to criminal conduct;

   (C)      to protect the public from further crimes of the defendant; and

   (D)      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for--

    (A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5)     any pertinent policy statement--

    . . .

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

The sentence imposed in this action should be substantial to adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, protect the public from further crimes of Stouter, and provide Stouter with needed correctional treatment.   The United States recommends that a sentence of 240 months is sufficient but not greater than necessary to address the guidelines and the 3553(a) factors.

**A.     The nature and circumstances of the offenses and the history and characteristics of Stouter.**

The history and characteristics of Stouter combined with the nature of the offenses support the recommended sentence. In this case, Stouter stands convicted of persuading, inducing, enticing and coercing Minor Victim 1 to send him nude images as well as engage in sexual activity.   There is no doubt that Stouter's conduct is serious, and his offenses were perpetrated against the most vulnerable member of our society – a child.   This direct victimization requires a level of punishment to reflect the seriousness of Stouter's offenses.

At the same time, Stouter, who is 23 years old, has taken responsibility for his actions in this case.   Stouter's decision to plead guilty relieved the United States of requiring, and if

-4-

necessary, compelling the victim to have to testify. While this certainly does not excuse Stouter's egregious conduct, the United States requested sentence, which is a variance from the established guideline, appropriately accounts for the benefit Stouter's decision to resolve the case had and obviates the victim from being required to testify in open court about their experiences.

The United States requested sentence of 240 months balances the severity of the crimes and the need for punishment.

**B.      The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and Provide Just Punishment for the Offense**

A sentence of 240 months followed by a lifetime term of supervised release will reflect the seriousness of Stouter's criminal conduct. This sentence will also promote respect for the law and give clear notice to Stouter and the public that people who engage in sexual activity with minors will be punished appropriately.

**C.      Kinds of Sentences Available**

A sentence of imprisonment of 240 months followed by a lifetime of supervised release strikes the appropriate balance of punishing Stouter for his crimes and indicates the seriousness with which crimes against children are viewed in this community.

**D.      The Need for the Sentence Imposed to Afford Adequate Deterrence**

Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is an important factor when considering an appropriate sentence. *See United States v. Fry*, 851 F.3d 1329, 1332 (D.C. Cir. 2017) (the sentence would deter Fry and "others who may be inclined in doing similar kinds of things."). Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir.

2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id.*

The United States' recommended sentence of 240 months of imprisonment followed by a lifetime of supervised release appropriately balances the recidivism factors outlined above by recognizing that Stouter was an unmarried adult male who used the internet to seek out and entice Minor Victim 1 to engage in sexual activity. The seriousness of Stouter's actions cannot be overstated, and the United States requested sentence appropriately punishes Stouter for those actions and recognizes the likelihood of Stouter being deterred by a 240-month prison sentence. This sentence will also deter other like-minded individuals in the community who share many of Stouter's depraved interests and who may consider engaging in the types of acts Stouter did.

### E. Avoidance of Sentencing Disparities

The recommended sentence of 240 months of imprisonment and a lifetime of supervised release recognizes the seriousness of Stouter's crimes and his specific role in the crimes, accounts for his cooperative posture and acceptance of responsibility, and avoids unwanted disparities among other defendants who are guilty of similar crimes and are in the same position as Stouter.

<b><u>CONCLUSION</u></b>

There is no minimizing Stouter's conduct in this case. Stouter has participated in some of the most vile and heinous crimes in our society. At the same time, Stouter took responsibility for his actions which relieved the United States of the need to prepare for trial as well as relieved the victim from having to testify in open court about their experience. Therefore, the United States requested sentence of 240 months of imprisonment, and a lifetime of supervised release complies

with the statutory directives set out in Title 18, United States Code, Section 3553(a) and

recognizes the individual circumstances of this case.

Respectfully submitted,

Kyle G. Bumgarner
United States Attorney

*Danielle M. Yannelli*

Danielle M. Yannelli
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-6942

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*Danielle M. Yannelli*

Danielle M. Yannelli
Assistant U.S. Attorney