UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

CRIMINAL ACTION NO. 3:25-CR-69-DJH
UNITED STATES OF AMERICA,                                    PLAINTIFF,

vs.

BAILEY STOUTER,                                              DEFENDANT.

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

The Defendant, Bailey Stouter, respectfully submits this Sentencing Memorandum. Sentencing is scheduled for March 18, 2026. Mr. Stouter requests that the Court accept the "C" plea agreement proposed by the parties and also that the Court impose a sentence of 180 months followed by a life term of supervised release, to run concurrently with any future sentence in related Bullitt County case 24CR264.

### A. Charges and Statutory Sentencing Range.

On November 19, 2025, Mr. Stouter entered guilty pleas to both counts in the Indictment: 1.) Transportation with the Intention to Engage in Criminal Sexual Activity, pursuant to 18 U.S.C. §2423(a), and 2.) Online Enticement of a

1

Minor, pursuant to 18 U.S.C. §2422(b), each of which carries not less than 10 years and not more than life imprisonment, followed by not less than five years supervised release.

## B. PSR

Mr. Stouter has no objections to the PSR.

## C. Plea Agreement.

Bailey Stouter has entered a plea agreement with the United States pursuant to Rule 11(c)(1)(C). Per this Agreement, Mr. Stouter and the United States agree that: 1) A sentence between 180 and 240 months, followed by a life term of supervised release is the appropriate disposition of this case; 2) a reduction of three levels below the otherwise applicable guideline range is appropriate for Mr. Stouter's acceptance of responsibility; 3) restitution in the amount of $3000 shall be paid to the victim.

## D. Guideline Sentencing Range.

Pursuant to the Presentence Investigation Report, Mr. Stouter's advisory guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level, USSG §2G2.1, | 32 |
| Minor between 12 and 16, USSG §2G2.1(b)(1)(B) | +2 |
| Use of a Computer, USSG §2G2.1(b)(6)(B) | +2 |
| Use of a Minor, USSG §3B1.4 | +2 |
| Repeat and Dangerous sex offender against minors, USSG §4B1.5(b)(1) | +5 |
| Acceptance of Responsibility USSG §3E1.1(a) and (b) | -3 |

2

| | |
|---|---|
| Total Offense Level | 40 |
| Criminal History Category | V |
| Guideline Range | 360 months to life |

### E. Mr. Stouter's Background and Circumstances.

Mr. Stouter will be 24 years old at sentencing.[1] He was 22 years old at the time of these offenses which involved 14-year-old MV1[2].

He has lived through much of his childhood and youth amid chaos created by the adults around him. His mother's life was greatly impacted by her addictions. She was not able to hold a job.[3] She was not able to maintain a home, leading the family to struggle financially and to stay in "trap" houses.[4] She was not able to protect her children from the drugs and violence that were present in her life. They watched her use drugs and watched her suffer abuse. She died in a car accident when Mr. Stouter was around 14-years old.[5] Mr. Stouter loved his mother even though she was not able to parent him and he suffered greatly from her death.[6] His father has been in and, mostly, out of his life due to frequent incarceration and addiction.[7] His most salient presence in his children's lives seems to have been when he, as Bailey and his sibling recall, "kidnapped" them when they were children.[8]

---

[1] PSR, para. 58.
[2] PSR, para 58 and 9.
[3] PSR, para. 59.
[4] Id.
[5] Id.
[6] letters from Wanda Anderson and Deanna Woodward
[7] PSR, para. 59.
[8] Id. And letter from Jordan Stouter.

Mr. Stouter's paternal grandmother, Deanna Woodward, offered stability and support when she could.[9] Her efforts were limited because the children were returned repeatedly to their mother's care.[10] She continues to provide love and support, as shown in the letter that she has written to the Court.

Bailey himself experienced sexual abuse as a very young child, as well as physical abuse and neglect.[11] His parents' lives, especially his mother's, led to him being surrounded by drugs, sex, and violence from an early age.[12] He then acted out sexually when he was a child.[13]

Mr. Stouter's history is also notable for his early experience with the mental health system and his suicide attempts during his teen years. He received treatment on an outpatient basis as early as age 10.[14] He has also been hospitalized, placed in group homes, and received sex offender specific treatment when he was a young teen.[15] He attempted suicide when he was around 15 and again at 16.[16] His diagnoses include depression, anxiety, bi-polar disorder, ADHD, and PTSD.[17] Drugs have impacted Mr. Stouter's life not only through the addictions of his parents and the people around them, but also through his own use. He used methamphetamine daily from around the age of

---

[9] PSR, para. 60 and 64, letter from Deanna Woodward.

[10] PSR, para. 64 and letter from Deanna Woodward.

[11] PSR, para. 59 and 64, letters from Wanda Anmderson, Jordan Stouter, and Deanna Woodward.

[12] PSR, para. 59, 64, and letters from Deanna Woodward and Jordan Stouter.

[13] PSR, para. 43.

[14] PSR, para. 67.

[15] PSP para. 67 and 69.

[16] PSR, para. 66 and 68.

[17] PSR, para. 66 and 58.

4

18, but decreased and stopped using that drug after about a year and a half.[18] He later began using Xanax that contained fentanyl on a daily basis.[19] He had also resumed using methamphetamine prior to his arrest in August 2024.[20] He has been sober since his arrest, but is interested in participating in drug treatment along with other rehabilitative programming.

It is not surprising that Bailey Stouter did not successfully contain the chaos and trauma that has filled his life; instead, he has spilled it out onto others. To be clear, this does not create a justification for him to have committed the acts before the Court. It does serve to put his conduct into context. His recognition of the impact of his history and of his experiences also provides a path for him to follow to work to change.

Mr. Stouter's sibling and maternal and paternal grandmothers have written letters to the Court that are attached to this memorandum. Their letters express support and provide further insight into what life was like for Mr. Stouter when he was young. The understanding and support that these family members offer will further help Bailey make progress toward a healthier future.

**F. Requested Sentence and Motion for Downward Variance.**

Mr. Stouter requests that the Court accept the "C" plea agreement that calls for a sentence between 180 and 240 months. He further requests that the Court

---

[18] PSR, para. 70.
[19] Id.
[20] Id.

impose a sentence of 180 months imprisonment, by way of a downward variance. He asks the Court to waive any fine and the $5000 special assessment pursuant to 18 U.S.C. §3014 due to his indigence.[21] Finally, he asks that the Court order that the sentence in this case run concurrently to any sentence imposed in the future in related Bullitt County case 24CR264, pursuant to USSG §5G1.3(c). Additionally, in this case, the parties agree that lifetime supervised release, the maximum term, is appropriate in this case. This would ensure that Mr. Stouter receives support and supervision long after release.

The interventions that can teach Mr. Stouter to act and think differently can be provided by a sentence that is between 180 and 240 months, followed by a life term of supervised release. One of these interventions is simply the maturity that he will have after serving a sentence between 15 and 20 years. Another is further treatment for his past trauma and mental health conditions. A third is long term sex-offender treatment provided by the Bureau of Prisons and United States Probation. Mr. Stouter recognizes that working on his mental health is important to his future progress and wants to participate in treatment while serving his sentence and while on supervised release.

A sentence between 180 and 240 months may not be appropriate for someone who has a different background from Mr. Stouter's and who does not have the same potential for change. However, a sentence between 180 and 240 months is

---

[21] See PSR, para. 73 for inability to pay.

6

appropriate here due to the significant impact, in both quantity and quality, of the negative experiences of Mr. Stouter's youth and due to his potential for change due to his young age and desire for rehabilitation. At 22 years old, his difficult youth makes up most of his life. Mr. Stouter retains the flexibility to un-learn the destructive patterns that he has learned through his life experience and to learn a positive way to exist and to interact with others. He will also have ample time to do so.

Any sentence between 180 and 240 months will be a substantial one and will serve to punish the serious offenses in this case. It will also afford Mr. Stouter a long period of time during which he can engage in treatment and rehabilitation. This rehabilitation will be key to his long-term progress and, therefore, to protection of the public. Mr. Stouter intends to commit himself to this work. This process will continue when he is on supervised release after he has completed his sentence of imprisonment and will benefit from the supervision of U.S. Probation and will be subject to restrictions on where he can live, on his computer and internet use, and his contact with minors.

In sum, a sentence as low as 180 months will insure that Mr. Stouter receives a just punishment, will provide needed training and rehabilitation by allowing him to engage in mental health and sex offender, will protect the public, and will deter him from any future unlawful conduct, advancing those goals as set out in 18 USC §3553(a).

WHEREFORE, the defense respectfully requests that the Court sentence Mr. Stouter to serve 180 months imprisonment, waive any fine, waive the $5000 special assessment under 18 U.S.C. §3014, and impose a life term of supervised release.

Respectfully submitted,

/s/ Angela M. Rea
Assistant Federal Defender
200 Theatre Building
629 Fourth Street
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on March 9, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing counsel of record.


/s/ Angela M. Rea